UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KARIM DIARRA, ) | |
| MINOR: DD, AD, AD, ND ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-CV-145 |
| ) | |
| DONNY M. YOUNG and ) | |
| MISTY MILLER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff has filed suit, *pro se*, under 42 U.S.C. § 1983 against defendants Donny M. Young and Misty Miller. According to the complaint, defendants Young and Miller were, respectively, the guardian ad litem and the family service worker involved in a child custody matter regarding the defendant's children.

Defendant Young has filed a motion to dismiss, to which the plaintiff has responded. [Docs. 13, 20]. Defendant Miller has also filed a motion to dismiss, to which the plaintiff has also responded. [Docs. 10, 19]. Lastly, the defendant has filed a motion to amend his complaint, to which neither defendant has responded. [Doc. 18]. For the reasons that follow, defendant Young's motion will be granted; plaintiff's motion will be granted; and defendant Miller's motion will be denied with leave to renew.

I.

*Defendant Young*

Plaintiff's complaint challenges the concerns and recommendations voiced by Young in his role as guardian ad litem. Young's motion correctly argues that he is entitled to quasi-judicial immunity from suit in this case. A guardian ad litem

> must act in the best interests of the child he represents. Such a position clearly places him squarely within the judicial process to accomplish that goal. A guardian ad litem must also be able to function without the worry of possible later harassment and intimidation from dissatisfied parents. Consequently, a grant of absolute immunity would be appropriate. A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate for the child in judicial proceedings.

*Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984).

The court notes that plaintiff's complaint and response allege that Young made a "falsification of statement" or an "emotional judgment." It is, however, apparent from a reading of the complaint as a whole that plaintiff is simply challenging Young's actions in his role as an advocate for plaintiff's children. Even if that were not the case, Young would still be entitled to quasi-judicial immunity. *See, e.g., Kolley v. Adult Protective Servs.*, 786 F. Supp. 2d 1277, 1298-99, n.19 (E.D. Mich. 2011) (allegations of malice, conspiracy, falsehood, and bad faith do not defeat entitlement to immunity in defendant's role as guardian ad litem) (collecting cases). For these reasons, defendant Young will be dismissed from this case with prejudice.

## II.

*Remaining Motions*

Defendant Miller moves for dismissal only due to insufficient process and insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5). Miller's memorandum in support of her motion also raises the question of whether she has been sued in her individual or official capacity.

Plaintiff subsequently filed his "Motion to Amend Complaint to Add the State of Tennesse [sic] as Defendent [sic]." Therein, plaintiff explains his desire to "amend the pleadings to add the State of Tennessee in its state capacity" and to clarify that "Ms. Miller is being sue[d] in her official capacity as an employee of the State of Tennessee." According to the defendant, this "is a[n] adjustment which makes the pleading more precise by clarifying the identities of the defendant Ms. Miller alleged in the original complaint.'

In deference to plaintiff's *pro se* status, the court will grant the request to amend. The filing of an amended complaint, in turn, renders moot defendant Miller's motion to dismiss the original complaint. Miller's motion will be denied with leave to renew, as the court's ruling this date in no way eliminates plaintiff's duty to properly serve his amended complaint on the remaining defendants.

3

An order consistent with this opinion will be entered.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge